UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ANDREW BARRESE, an individual,**

    **Plaintiff,**

                              CASE NO.:

**v.**

**DAIS CORPORATION, a foreign profit corporation and TIMOTHY TANGREDI, an individual,**

    **Defendants.**

    _____/

## COMPLAINT

Plaintiff Andrew Barrese ("Barrese") hereby sues Defendants Dais Corporation ("Dais") and Timothy Tangredi ("Tangredi") and alleges the following:

## INTRODUCTION

1. This is an action for unpaid minimum wages under the Fair Labor Standards Act ("FLSA"), as amended, 29 USC § 201 et. seq, and for unpaid wages under Florida law.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 USC §216(b), 28 USC §1331 and 28 USC §1367.

1

3. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and non-isolated activity within the Middle District of Florida.

4. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## **VENUE**

5. The venue of this Court over this controversy is based upon the following: (a) The unlawful employment practices and contractual breaches alleged below occurred and/or were committed in the Middle District of Florida, and (b) Defendants were and continue to be a foreign profit corporation and an individual doing business within this judicial district.

## **PARTIES**

6. At all times material hereto, Plaintiff Barrese was a resident of Pasco County, Florida.

7. Plaintiff Barrese was an "employee" of Dais within the meaning of the FLSA from about November 2022 to about January 31, 2025.

8. Defendant Dais is a foreign profit corporation with its principal place of business in Pasco County, Florida.

9. Defendant Dias was an "employer" of Barrese within the meaning of the FLSA from about November 2022 to about January 31, 2025.

10. Defendant Tangredi was an "employer" of Barrese within the meaning of the FLSA from about November to about January 31, 2025.

11. At all times material hereto, the Defendants were conducting business in areas including Pasco County, Florida.

12. At all times material hereto, Dais operated a business enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 USC §203(r) and 203(s).

13. At all times material hereto, Dais employed at least two employees who were "engaged in commerce or in the production of goods for commerce" or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 USC §203(s)(1)(A)(i).

14. Dais was an "enterprise engaged in commerce" within the meaning of the FLSA during the period of 1993 through 2025.

15. At all times material hereto, Defendants were "employer[s]" of Barrese within the meaning of the FLSA.

16. At all times material hereto, the work performed by Barrese was directly essential to the business performed by Defendants.

17. At all times material hereto, Defendants failed to pay Barrese wages in conformance with the FLSA.

18. Defendants committed a willful, malicious, and unlawful violation of the FLSA and are liable for monetary damages.

19. Plaintiff has fulfilled all conditions precedent to the institution of this action, and/or such conditions have been waived.

## STATEMENT OF FACTS

20. Around November 2022, Dais hired Barrese as an Assembler. On or around August 15, 2024, Dais promoted Barrese to a Design and Development Technician.

21. Dais placed Barrese on its payroll with employee benefits.

22. Dais agreed to pay Barrese a salary of $20.00 per hour.

23. In 2023, Barrese worked an average of 40 hours per week.

24. From 2024 through January 31, 2025, Barrese worked an average of 35 hours per week.

25. Beginning around October 2023, Defendants began delaying Barrese's paychecks and paying him less than the full wages he was owed.

26. From October 2023 through January 31, 2025, Barrese earned approximately $46,000 in wages but was paid only $11,460.49.

27. Accordingly, from October 2023 through January 31, 2025, Barrese was effectively paid $4.62 per hour ($11,460.49 / 2480 hours (40 hours x 13 weeks + 35 hours x 56 weeks) = an actual rate of pay of $4.62 per hour).

28. Defendants individually and/or through an enterprise or agent, directed and exercised control over Barrese's work and wages at all relevant times.

29. During Barrese's employment, Tangredi was an owner of Dais.

30. During Barrese's employment, Tangredi was a manager of Dais.

31. During Barrese's employment, Tangredi oversaw and supervised Dais's operations.

32. During Barrese's employment, Tangredi was involved in the day-to-day operations of Dais.

33. During Barrese's employment, Tangredi was involved in making management decisions for Dais, including decisions relating to work schedules, conditions of employment, employee work hours, rate and method of compensation, hiring and firing employees, and other conditions of employment.

34. During Barrese's employment, Dais failed to pay Barrese the applicable minimum wage for his hours worked.

35. Tangredi was aware that Dais was violating the FLSA with respect to Barrese's employment.

36. Therefore, Tangredi is personally liable for the FLSA violations.

37. Defendants knowingly, willfully, and maliciously operated their business with a policy of not paying minimum wage for each and every hour worked by Barrese in conformance with the FLSA.

**COUNT I**
**VIOLATION OF 29 USC § 206 - UNPAID MINIMUM WAGES**
**(Barrese vs. All Defendants)**

38. Barrese realleges and incorporates herein by reference Paragraphs Nos. 1 through 37 above.

39. Count I asserts a claim for violation of 29 USC § 206 (unpaid minimum wages).

40. USC § 206 requires that any employee covered by the FLSA be paid minimum wages.

41. During Barrese's employment at Dais, Barrese was paid less than the statutory minimum wage for his work hours.

42. Defendants failed to pay Barrese the FLSA minimum wage for all hours worked.

43. The Defendants acted willfully and maliciously in failing to pay proper minimum wages to Barrese.

44. As a direct and proximate result of Defendants' willful violation of the FLSA, Barrese is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Barrese respectfully requests:

    a. judgment in his favor for all unpaid minimum wages due;

    b. liquidated damages;

    c. attorneys' fees and costs pursuant to the FLSA;

    d. post-judgment interest; and

    e. all other and further relief this Court deems to be proper.

## COUNT II
## UNPAID WAGES
## (Barrese vs. DAIS)

45. Barrese realleges and incorporates by reference Paragraphs 1 through 37 as if fully set forth herein.

46. From October 2023 through January 31, 2025, Barrese performed approximately 2,480 hours of work for Dais.

47. Dais agreed to compensate Barrese at a rate of $20.00 per hour in exchange for his labor and services.

48. Based on the agreed rate of pay, Dais owed Barrese approximately $46,000.00 in wages for this period.

49. Dais paid Barrese only $11,460.49, leaving an unpaid wage balance of approximately $34,539.51.

50. Dais has refused or failed to pay the remaining wages owed to Barrese despite demand.

51. Pursuant to Fla. Stat. § 448.08, a prevailing party in an action for unpaid wages is entitled to recover reasonable attorney's fees.

WHEREFORE, Barrese respectfully requests:

a. judgment in his favor for all unpaid wages due;

b. prejudgment interest;

c. attorney's fees and costs pursuant to Fla. Stat. § 448.08; and

d. all such further relief this Court deems to be proper.

## JURY DEMAND

Barrese demands trial by jury as to all issues so triable.

Respectfully submitted,

/s/ M. Sean Moyles
M. Sean Moyles
Florida Bar No. 0080756
E-mail: SMoyles@LangstonHess.com
Secondary: SMeeks@LangstonHess.com

LANGSTON, HESS & MOYLES, P.A.
600 Druid Rd. E.
Clearwater, Florida 33756
Telephone: (727) 479-1900
Counsel for Plaintiff